No. 511

ZUCH v. STATE

Ohio Appeals, 5th Dist., Ashland County
Decided April 28, 1924

599. INDICTMENT—1. The words "a true bill" may be printed on indictment if foreman signs under the same.

2. A blank space between different portions of the indictment does not render the indictment faulty.

3. Where the word "aforesaid" is used in an indictment the venue is sufficiently laid if the beginning of the indictment states the county and place of the offense.

4. Indicement held sufficiently certain.

203. CONTEMPT—Where no objection to manner in which person is brought before court in contempt proceedings and party submits to jurisdiction of court, he thereby waives all irregularities.

PATTERSON, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

Zuch was indicted for perjury under 12842 GC. In a certain divorce proceeding he had been restrained from disposing of any of his property. Subsequent to this time he sold his household furniture. He was brought into court upon contempt proceedings and then swore that he sold the furniture previously and offered a receipt in evidence. It was later disclosed that he had sold the furniture subsequent to the court order.

A motion to quash was filed to the indictment in which it was claimed that the indictment was insufficient in that it was not endorsed by the foreman "a true bill." It was also claimed that the indictment was insufficient in that it failed to set forth that the matters complained of were against "the peace and dignity of the State" of Ohio as is required by the laws of the State. The evidence disclosed that a printed form had been used, and the words "a true bill" were stamped upon the back of the indictment and signed by the foreman. The words "against the peace and dignity" were also sontained in the indictment but there was a blank space remaining in the form consisting of several lines before these words appeared.

The motion to quash was overruled by the trial court. A demurrer was then filed to the indictment in which it was claimed that the indictment failed to allege that the perjured statement was made in the State of Ohio. The indictment started out, "the jurors of the Grand Jury of the County of Ashland, State of Ohio," etc. And then coming down to the specific charge it contained the following language: "That Herman G. Ruch . . . at the County of Ashland aforesaid," etc. It was contended upon the part of the defendant that the Prosecuting Attorney should have included the State of Ohio as well as the County of Ashland in order to lay the venue for a good and sufficient indictment. It was also claimed that the indictment was insufficient in that it failed to allege that the defendant was sworn as a witness. The demurrer was overruled by the trial court. As the accused was found guilty, he prosecuted error, claiming that the court erred in its above rulings, and also claiming that the contempt porceeding was not such a lawful proceeding as would give the court jurisdiction over the defendant, as no charge was ever filed in writing. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The requirements of the Statute that the foreman shall endorse on the indictment the words "a true bill" are satisfied where those words were printed on a blank indictment and he signs under them after the indictment is found, as it makes no difference whether the words be written by the foreman or printed, as by signing under these words the foreman adopts them and makes them a part of his endorsement under the indictment.

2. Several inches of blank space between the end of the written part of the indictment and the conclusion thereof, as required by the Constitution, does not affect the validity of the indictment.

3. As the word "aforesaid" referred back to the County of Ashland and State of Ohio, the venue was sufficiently made in the indictment in the State of Ohio as well as in the County of Ashland.

4. The indictment was sufficiently specific to charge an offense under GC. 13587.

5. As the defendant made no objection at the time to the manner in which he was brought before the court on the contempt proceedings, he thereby waived whatever right he might have to written charges by appearing upon the stand and voluntarily testifying.